**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| In re:<br><br>SOUTH HILLS OPERATIONS, LLC, *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 24-21217-CMB<br>(Jointly Administered) |
| ROBERT S. BERNSTEIN, Liquidating Trustee of SOUTH HILLS OPERATIONS, LLC, *et al.*,<br><br>Plaintiff,<br><br>v.<br><br>TWOMAGNETS INC.<br>d/b/a Clipboard Health,<br><br>Defendant. | Adversary Pro. No. 26-_____ |

**COMPLAINT TO AVOID AND RECOVER TRANSFERS
PURSUANT TO 11 U.S.C. §§ 544, 547, 548, AND 550**

Robert S. Bernstein (the "Trustee" or "Plaintiff"), in his capacity as liquidating trustee of

the Estates of South Hills Operations, LLC, *et al.* (the "Debtors"), by and through the undersigned

counsel, files this complaint (the "Complaint") to avoid and recover certain transfers against

---

[1]     The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number are: South Hills Operations, LLC (5527); Monroeville Operations, LLC (3280); Mt. Lebanon Operations, LLC (1133); Murrysville Operations, LLC (9149);Cheswick Rehabilitation and Wellness Center, LLC (9561); 3876 Saxonburg Boulevard Propco, LLC (3618); North Strabane Rehabilitation and Wellness Center, LLC (1677); 100 Tandem Village Road Propco, LLC (1918); Maybrook-C Briarcliff Opco, LLC (5187); Maybrook-C Briarcliff Propco, LLC (1823); Maybrook-C Evergreen Opco, LLC (5388); Maybrook-C Evergreen Propco, LLC (2000); Maybrook-C Kade Opco, LLC (4033); Maybrook-C Kade Propco, LLC (2097); Maybrook-C Latrobe Opco, LLC (4148); Maybrook-C Latrobe Propco, LLC (2178); Maybrook-C Overlook Opco, LLC (7081); Maybrook-C Overlook Propco, LLC (6804); Maybrook-C Silver Oaks Opco, LLC (7146); Maybrook-C Silver Oaks Propco, LLC (9654); Maybrook-C Whitecliff Opco, LLC (6211); Maybrook-C Whitecliff Propco, LLC (4835). The Debtors' address is 485 Lexington Avenue, 10th Floor, New York, NY 10017.

Twomagnets Inc. d/b/a Clipboard Health (the "<u>Defendant</u>").  In support of this Complaint, Plaintiff

hereby alleges, upon information and belief, that:

## NATURE OF THE CASE

1.      This adversary proceeding is commenced pursuant to sections 544, 547, 548, and

550 of title 11 of the United States Code, 11 U.S.C. §§ 101, *et seq.* (as amended, the "<u>Bankruptcy</u>

<u>Code</u>"), (1) to avoid and recover certain preferential transfers of property made by the Debtors to

Defendant within ninety (90) days prior to the commencement of the Debtors' bankruptcy cases,

and (2) subject to proof, to avoid and recover certain fraudulent transfers made to Defendant or

any other person or entity for whose benefit transfers were made within two (2) years (in respect

of avoidance under the Bankruptcy Code) or four (4) years (in respect of avoidance under

applicable state law) prior to the commencement of the Debtors' bankruptcy cases.

## JURISDICTION AND VENUE

2.      The United States Bankruptcy Court for the Western District of Pennsylvania (the

"<u>Court</u>") has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157 and 1334(b).

3.      Venue is proper pursuant to 28 U.S.C. § 1409.

4.      This adversary proceeding is a "core" proceeding that this Court has the statutory

and constitutional power to hear and determine pursuant to, *e.g..* 11 U.S.C. § 157(b)(2).

5.      The statutory and legal predicates for the relief sought herein are sections 544, 547,

548, and 550 of the Bankruptcy Code, applicable provisions of state law, and Rules 3007 and 7001

of the Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>").

6.      The Trustee consents to the jurisdiction of this Court and to the entry of final orders

or judgment by this Court.

**PROCEDURAL BACKGROUND**

7.      On or about May 17, 2024 (the "Petition Date"), the Debtors filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code.

8.      On May 21, 2024, this Court entered an order for the joint administration [Dkt. No. 68] of the Debtors' bankruptcy cases.

9.      On June 13, 2025, the Official Committee of Unsecured Creditors (the "Committee") filed the *Combined Plan and Disclosure Statement of Liquidation of South Hills Operations, LLC et al. Under Chapter 11 of the Bankruptcy Code* [Dkt. No. 1473] (the "Plan").

10.     On August 20, 2025, the Court entered an order confirming the Plan (the "Confirmation Order") [Dkt. No. 1572] confirming the Plan.

11.     The Confirmation Order appointed Robert S. Bernstein the Liquidating Trustee of the South Hills Operations, LLC, *et al.* Liquidating Trust. *See* Confirmation Order at ¶ 14.

12.     On September 11, 2025, the Effective Date as contemplated by the Plan occurred. *See* Dkt. No. 1624

13.     The Plan provides for liquidation of the Debtors.

14.     The Plan provides that holders of allowed general unsecured claims against the Debtors shall receive pro rata shares of net proceeds of the Assets (as defined in the Plan), if any, that remain after classes having a higher priority are paid in full.  Accordingly, holders of allowed general unsecured claims will not be paid in full.

15.     The Plan contemplates, among other things, the establishment of a liquidating trust (the "Liquidating Trust"), as governed by that certain Liquidating Trust Agreement, and the appointment of the Trustee.

16.    Moreover, the Plan provides that the Trustee has the sole authority to "investigate and pursue Causes of Action (including Avoidance Actions) transferred to the Liquidating Trust." *See also* Article 14, Section 14.5.1 & 14.5.3 of the Plan.

17.    Pursuant to the Plan and the Liquidating Trust Agreement, the Trustee's duties include bringing claims to avoid and recover transfers pursuant to sections 544, 547, 548, and 550 of the Bankruptcy Code.

## FACTUAL BACKGROUND

18.    The Debtors consist of twenty-two (22) separate legal entities that are in one way or another related to South Hills Operations, LLC.

19.    In the ordinary course of business, the Debtors maintained business relationships with vendors, suppliers, distributors, and creditors.

20.    On information and belief, Defendant is a Delaware limited liability company with offices located at one or more of the following addresses: (1) Attn: Legal Department 440 N. Barranca Ave. #5028, Covina, CA 91723; (2) c/o Resident Agents, Inc., 8 The Green, Ste. R, Dover, DE 19901; and (3) P.O. Box 103125, Pasadena, CA 91189-3125

21.    Prior to the Petition Date, the Debtors engaged in business with Defendant.

22.    The Trustee has completed an analysis of readily available information of the Debtors with respect to transfers made by any of the Debtors to Defendant from February 16, 2024, through and including May 16, 2024 (the "Preference Period").

23.    During the Preference Period, the Debtors continued to operate their business, including making transfers of property to various entities, in the form of checks, cashier's checks, wire transfers, or ACH transfers, and the like.

24.     The Debtors made transfers of an interest in their property to or for the benefit of Defendant during the Preference Period in the total amount of not less than $1,394,420.24 (collectively, the "Transfers").  Pertinent details of those Transfers are set forth in the document attached hereto and incorporated herein as **Exhibit A**.

25.     During the course of this adversary proceeding, the Trustee may learn of additional Transfers made by the Debtors to Defendant.  It is the Trustee's intention to avoid and recover any and all Transfers made, subject to any meritorious affirmative defenses. The Trustee reserves its right to amend this Complaint to include: (i) further information regarding the Transfer(s), (ii) additional transfers, (iii) modifications of and/or revision to Defendant's name, (iv) additional defendants, (v) additional causes of action authorized, and/or (vi) all other or further matters as are appropriate or as justice otherwise may require (collectively, the "Amendments"), that may become known to the Trustee at any time during this adversary proceeding, through formal discovery or otherwise, and for the Amendments to relate back to the date of filing of this Complaint.

## COUNT I
### AVOIDANCE OF PREFERENTIAL TRANSFERS
### PURSUANT TO 11 U.S.C. § 547

26.     The Trustee hereby incorporates all preceding paragraphs by reference as if fully set forth herein.

27.     Pursuant to section 547 of the Bankruptcy Code, the Trustee may:

Based on reasonable due diligence in the circumstances of the case and taking into account a party's known or reasonably knowable affirmative defenses under subsection (c), avoid any transfer of an interest of the debtor in property-

(1)     to or for the benefit of a creditor;

(2)      for or on account of an antecedent debt owed by the debtor before such transfer was made;

(3)      made while the debtor was insolvent;

(4)      made--
(A)      on or within 90 days before the date of the filing of the petition; or
(B)      between ninety days and one year before the date of the filing of the petition, if such creditor at the time of such transfer was an insider; and

(5)      that enables such creditor to receive more than such creditor would receive if--
(A)      the case were a case under chapter 7 of this title;
(B)      the transfer had not been made; and
(C)      such creditor received payment of such debt to the extent provided by the provisions of this title.

11 U.S.C. § 547(b).

28.      On November 14, 2025, the Trustee served on Defendant a demand for repayment of the Transfers by Defendant or, in the alternative, a request that Defendant provide any information to the Trustee in support of defenses Defendant may assert to avoiding those Transfers.

29.      On January 7, 2026, the Trustee served on Defendant a follow up letter reiterating his request for information.

30.      On information and belief, Defendant did not respond to the Trustee's demand and did not produce information pertaining to the Transfers or to the transactions between the Debtors and Defendant.

31.      Based upon the Trustee's review of the information, if any, provided by Defendant prior to filing this Complaint, and after performing its own due diligence evaluation of the reasonably knowable affirmative defenses under section 547(c) of the Bankruptcy Code to avoidance of transfers made to Defendant during the Preference Period, the Trustee has determined

that it may avoid Transfers made to Defendant in an aggregate amount of $1,394,420.24 (the "Preferential Transfers").

32. Each of the Preferential Transfers was made by one or more of the Debtors to Defendant.

33. Each of the Preferential Transfers was made from one or more of the Debtors' bank accounts containing funds that the Debtors owned, and therefore each of the Preferential Transfers constituted transfers of an interest of the Debtors in property.

34. Each of the Preferential Transfers was made to or for the benefit of a creditor within the meaning of section 547(b)(1) of the Bankruptcy Code, because each Preferential Transfer reduced or satisfied an obligation or debt that one or more of the Debtors owed to Defendant.

35. Each of the Preferential Transfers was made for or on account of an antecedent debt owed by one or more of the Debtors to Defendant.

36. Each of the Preferential Transfers was made while the Debtors were insolvent, because the Debtors are presumed to be insolvent during the Preference Period pursuant to section 547(f) of the Bankruptcy Code.

37. Each of the Preferential Transfers was made during the Preference Period, as shown on **Exhibit A**.

38. As a result of each of the Preferential Transfers, Defendant received more than it would have received if (a) Defendant had participated in the distribution of the assets of the Debtors' bankruptcy estate pursuant to chapter 7 of the Bankruptcy Code, (b) the Preferential Transfers had not been made, and (c) Defendant received payment of its claim to the extent provided by the provisions of the Bankruptcy Code.

39. Accordingly, the Trustee is entitled to avoid and set aside the Preferential Transfers pursuant to section 547 of the Bankruptcy Code.

40. The Trustee respectfully requests entry of an order avoiding and setting aside the Preferential Transfers in the amount of $1,394,420.24.

## COUNT II
## AVOIDANCE OF CONSTRUCTIVELY FRAUDULENT TRANSFERS PURSUANT TO 11 U.S.C. §§ 544(a) AND (b)(1) AND 12 Pa. C.S.A. § 5101 *et seq*

41. Trustee hereby incorporates all preceding paragraphs by reference as if fully set forth herein.

42. To the extent one or more of the Transfers was not made on account of an antecedent debt or was a prepayment for goods and/or services not subsequently received, the Trustee pleads in the alternative that the Debtors did not receive reasonably equivalent value in exchange for those Transfers; and

   a. The Debtors were insolvent as of the date of the Transfer(s), or became insolvent as a result of the Transfer(s); or

   b. The Debtors were engaged, or about to engage, in business or a transaction for which the remaining assets of the Debtors were unreasonably small in relation to the business or transaction; or

   c. The Debtors intended to incur, or believed or reasonably should have believed that it or they would incur, debts beyond its or their ability to pay as they became due.

43. The Transfers were made to Defendant within four (4) years preceding the Petition Date.

44. One or more creditors exist who hold general unsecured claims that are allowable under Section 502 of the Bankruptcy Code and would be entitled to avoid each of the Transfers

under Pennsylvania's Uniform Fraudulent Transfer Act.   For example, the Pennsylvania Department of Revenue has a claim in the amount of $1,700.00 for debts incurred before the Transfers were made.   Moreover, the United States of America is also owed debts that would entitle it to avoid the Transfers (See Case No. 24-21217, Proof of Claim No. 7).

45.     Based upon the foregoing, the Transfers are avoidable pursuant to 11 U.S.C. §§ 544(a) and (b)(1) and 12 Pa. C.S.A. § 5101 *et seq*.

46.     The Trustee respectfully requests entry of an order avoiding and setting aside the Transfers in the amount of $1,394,420.24.

## COUNT III
### AVOIDANCE OF CONSTRUCTIVELY FRAUDULENT TRANSFERS
### PURSUANT TO 11 U.S.C. § 548(a)(1)(B)

47.     Trustee hereby incorporates all preceding paragraphs by reference as if fully set forth herein.

48.     To the extent one or more of the Transfers was not made on account of an antecedent debt or was a prepayment for goods and/or services not subsequently received, the Trustee pleads in the alternative that the Debtors did not receive reasonably equivalent value in exchange for those Transfers; and

   a. The Debtors were insolvent as of the date of the Transfer(s), or became insolvent as a result of the Transfer(s); or

   b. The Debtors were engaged, or about to engage, in business or a transaction for which any property remaining with the Debtors or for whose benefit the Transfer(s) was / were made was an unreasonably small capital; or

   c. The Debtors intended to incur, or believed it or they would incur, debts beyond its or their ability to pay as such debts matured.

49.     The Transfers were made to Defendant within two (2) years preceding the Petition Date.

50.     Based upon the foregoing, the Transfers are avoidable pursuant to 11 U.S.C. § 548(a)(1)(B).

51.     The Trustee respectfully requests entry of an order avoiding and setting aside the Transfers in the amount of $1,394,420.24.

**COUNT IV**
**RECOVERY OF AVOIDED TRANSFERS**
**PURSUANT TO 11 U.S.C. § 550**

52.     Trustee incorporates all preceding paragraphs by reference as if fully set forth herein.

53.     Defendant was the initial transferee of the Transfers, the immediate or mediate transferee of the Transfers, or the person for whose benefit the Transfers were made.

54.     Pursuant to 11 U.S.C. § 550(a), the Trustee is entitled to recover from Defendant all Preferential Transfers, Transfers, as the case may be, and the costs of this action.

WHEREFORE, Robert S. Bernstein, in his capacity as liquidating trustee of the Estates of South Hills Operations, LLC, *et al.*, prays for the following relief against Defendant, Twomagnets, Inc. d/b/a Clipboard Health:

A.     Judgment in favor of the Trustee and against Defendant (1) avoiding the Preferential Transfers, Transfers, as the case may be, and (2) directing Defendant to return to the Trustee the aggregate amount of $1,394,420.24, pursuant to 11 U.S.C. §§ 544, 547(b), 548, and 550(a), plus the costs of this action; and

B.     Granting the Trustee such other relief and further relief as this Court deems just and proper.

Dated: February 19, 2026

WH BURKLEY, LLP

By:/s/ Mason S. Shelton
Mason S. Shelton, Esquire
mshelton@bernsteinlaw.com
PA ID No. 332792
601 Grant Street, 9th Floor
Pittsburgh, PA 15219-1900
Telephone: (412) 456-8100
Facsimile: (412) 456-8135

*Counsel to the Liquidating Trustee*